UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROXANNE ATKINSON | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. __5:19-cv-482__ |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY AND LISA | § | |
| MCELROY | § | |
| *Defendants.* | § | |

---

### DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

---

Defendant Allstate Fire and Casualty Insurance Company "("Allstate") hereby removes this lawsuit pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

### BACKGROUND

1.      This is a first-party case wherein Plaintiff sues Allstate and its claims adjuster for underinsured motorist benefits under Plaintiff's automobile policy with Allstate.  Plaintiff does not allege that she has received a final judgment against the alleged tortfeasor.

2.      On March 25, 2019, Plaintiff filed her Original Petition styled *Roxanne Atkinson v. Allstate Fire and Casualty Insurance Company and Lisa Mcelroy,* in the 216th Judicial District Court, Kerr County, Texas, Cause No. 19228A, in which Plaintiff alleges contractual and extra-contractual causes of action based on a claim for underinsured motorist benefits.  *See* **Exhibit A**.

3.      Plaintiff served Defendant Allstate with Plaintiff's Original Petition and process on April 9, 2019, by process server.  *See* **Exhibit B.**

4.      Plaintiff asserts negligence against the alleged underinsured tortfeasor involved in the underlying automobile accident.   Plaintiff also asserts the following causes of action against Allstate and its claims adjuster, Lisa Mcelroy:

- Breach of contract

- Extra-Contractual claims (violations of the DTPA, Insurance Code, bad faith); and

- Declaratory Judgment Action.

*See* Exhibit A, at ¶¶ 13-20.

5.      Plaintiff affirmatively pleads for damages "which is over $100,000.00, but not more than $200,000.00." *Id.* at ¶ 25.

6.      Plaintiff has demanded a jury trial.

7.      The State Court's case history report for this matter is attached herein.  *See* **Exhibit C**.

GROUNDS FOR REMOVAL

8.      This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states.   Defendant asserts that Mcelroy was improperly joined in this action and that Plaintiff has not pleaded facts sufficient to state any plausible cause of action against Mcelroy.   Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

A.  **Parties are Diverse**

9.      Plaintiff is a natural person who resides in Kerr County, Texas. *See Plaintiff's Original Petition,* Exhibit A, ¶ 3. Plaintiff has not pled any other facts of residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

10.     Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

11.     Defendant Mcelroy is a claims adjuster for Allstate and is a resident of Texas. However, Mcelroy has been improperly joined in this action solely to defeat diversity jurisdiction. There is no plausible cause of action against Mcelroy.  Her residency should therefore be disregarded for purposes of evaluating diversity in this matter.

### B.  Amount in Controversy

12.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).   The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

13.     Here, it is facially apparent from Plaintiff's petition that her claim exceeds $75,000.00. Specifically, Plaintiff's petition states:

> …Plaintiff seeks monetary relief, the maximum of which is over $100,000.00 but not more than $200,000.00.

*Plaintiff's Petition*, Exhibit A, ¶ 25.

14.     Based on the foregoing, the amount in controversy exceeds $75,000.00.

### C.  Improper Joinder of Defendant Mcelroy

#### (i)  Legal Standard

15.     The doctrine of improper joinder, or fraudulent joinder, ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on

diversity. *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the Court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

16. The removing party bears the burden of establishing whether federal jurisdiction exists and removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). To meet this burden, the removing party must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *McDonald v. Abbot Labs.,* 408 F.3d 177, 183 (5th Cir. 2005).

17. To determine that an in-state defendant has been improperly joined, the court must find that (1) the plaintiff has fraudulently alleged that a defendant is non-diverse, or (2) the plaintiff has failed to state a claim against the non-diverse defendant. *Smallwood,* 385 F.3d at 573. In making this determination, a federal court must look to the original state court pleading but apply the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,* 818 F.3d 193, 205 (5th Cir. 2016).

18. The court may resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Smallwood,* 385 F.3d at 573. The analysis requires the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1973 (2009).

19. Pursuant to *Twombly* and *Iqbal,* the court conducts a two-prong analysis. First, the court separates legal conclusions from well-pled facts. *Iqbal,* 556 U.S. at 678-79. Second, the court reviews the well-pled facts, assumes they are true, and determines whether they "plausibly give

rise to an entitlement of relief." *Id.,* at 679.   A pleading "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.*  Plausibility requires more than a mere possibility. It calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct. *Twombly,* 550 U.S. at 565.

### (ii) Plaintiff Fails to State a Plausible Claim Against Defendant Mcelroy

20.      Here, applying the *Twombly* and *Iqbal* analysis, Plaintiff's Original Petition fails to state a plausible claim against Defendant Mcelroy.   Specifically, as shown below, Plaintiff's claims against Mcelroy fail because Mcelroy is not a party to the insurance contract.   Plaintiff's claims against Mcelroy further fail because Plaintiff has not alleged that she has obtained a judgment establishing her legal entitlement to recover benefits from the alleged tortfeasor.

### a. *Plaintiff's allegations against Mcelroy fail because Mcelroy is not a party to the insurance contract.*

21.      Plaintiff's petition does not assert any allegations regarding any specific conduct of Mcelroy. *See Plaintiff's Petition,* Exhibit A. Instead, Plaintiff groups the defendants together and makes global allegations in support of her claim for underinsured motorist benefits.   *Id.* Specifically, the only factual allegations alleged by Plaintiff regarding her claim for UIM benefits are:

VII.
UNDERINSURED MOTORIST COVERAGE

The motor vehicle of Mary Louis Foley that caused the injuries and damages to Plaintiff was, at all times material to this action, an "underinsured motor vehicle", as that term is defined under the Texas Insurance Code and in the policies of insurance issued by Defendant ALLSTATE FIRE AND CAUSALTY INSURANCE COMPANY to Plaintiff, which is the subject of this lawsuit.

> The policy issued to Plaintiff, which was in full force and effect at all times material herein, provided protection to Plaintiff for her injuries, damages, and expenses resulting from the at-fault driver's ownership, maintenance, or use of an uninsured motor vehicle. Moreover, Plaintiffs injuries, damages, and expenses have greatly exceeded the policy limits available to Mary Louis Farley. Plaintiff has complied with all conditions precedent to recovering under Plaintiff's uninsured motorist coverage, including timely and properly notifying Defendants of the collision and Plaintiff's claim.

*Plaintiff's Original Petition,* Exhibit A, at ¶¶11-12.   It is unclear what Plaintiff bases her claims against Mcelroy on.  As noted above, Plaintiff only refers to Defendant Allstate and does not refer to Mcelroy in her above claim for UIM benefits.  *Id.*

22.   The remainder of Plaintiff's allegations against Mcelroy are also lumped together with allegations against Allstate and merely track the elements of the causes of action. For example, Plaintiff asserts:

VIII.
<u>BREACH OF CONTRACT</u>

> At the time of the above described collision, Mary Louis Foley was an underinsured motorist as defined in the Texas Insurance Code. Plaintiff is entitled to payment from Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY for injuries, damages, and expenses arising out of the collision under the terms and conditions of the underinsured portion of the automobile insurance policy issued by Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY. Nonetheless, Defendants have failed and refused, and still fail and refuse to pay Plaintiff the benefits under the policy as it is contractually required…

IX.
<u>EXTRA-CONTRACTUAL DAMAGES</u>

> Unjust Enrichment: In the alternative, without waiver of the foregoing, Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY has been unjustly enriched.  Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY obtained the benefits of

premiums paid by Plaintiff for an insurance policy inclusive of underinsured benefits wherein Defendant knew it would deny the payment of such benefits under the policy…

Violations of the Texas Deceptive Trade Practices Act: In the alternative, Plaintiff was a consumer as contemplated by the Texas Business & Commerce Code §17.45 as they sought or acquired goods or services by purchase or lease from Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND LISA MCELROY. Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") by engaging in false, misleading, and/or deceptive acts or practices that Plaintiff relied on to her detriment.

….

*Id.,* at ¶¶ 13-20.

23.    Plaintiff's claims against Mcelroy for breach of contract, unjust enrichment, breach of good faith and fair dealing, and declaratory judgment, which are all based on the assumption that Mcelroy is a party to the insurance contract and obtained premiums under the contract, fail to state a cause of action.  Under Texas law, an adjuster is not a party to the insurance contract between an insurer and the insured. *See Natividad v. Alexsis*, *Inc.,* 875 S.W.2d 695 (Tex. 1994). Because the adjuster is not a party to the insurance contract, Plaintiff has not pleaded any plausible claim against Mcelroy for breach of contract, unjust enrichment, breach of good faith and fair dealing, and declaratory judgment.  *See id.* As such, Mcelroy was improperly joined.

### b. Plaintiff's claims against Mcelroy also fail because Plaintiff has not alleged she obtained a judgment establishing her legal entitlement to recover damages from the alleged tortfeasor.

24.    Plaintiff's claims against Mcelroy also fail for an additional reason – Plaintiff  has not pleaded a plausible claim against Mcelroy because Plaintiff has failed to plead sufficient facts to show that she is currently entitled to UIM benefits, that she has suffered any kind of independent injury, or that Mcelroy's claims handling has caused her to lose benefits to which she would

otherwise be entitled. *See* **Exhibit D** (*Rodriguez v. Allstate Fire & Cas. Ins. Co.*, Cause No. 5:18-CV-1096-OLG (Jan. 10, 2019) (slip op.) (order granting motion to dismiss for failure to state a claim based on plaintiffs' failure to allege they obtained a judgment establishing legal entitlement)).

          i.   <u>Under Texas law, UIM insurance coverage is not triggered until the insured obtains a judgment establishing liability and damages for the automobile accident.</u>

25.    Underinsured motorist insurance (UIM) coverage "protects insureds who are legally entitled to recover from owners or operators of…underinsured motor vehicles damages for bodily injury… ." TEX. INS. CODE § 1952.101 (emphasis added); *see also id.* § 1952.106 (requiring UIM coverage to "provide payment to the insured of all amounts that the insured is legally entitled to recover as damages"). The Texas Supreme Court has described UIM insurance as unique because it is first-party coverage that is "conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

26.    "Legal entitlement" is a term of art in the UIM context. To be "legally entitled" to recover UIM benefits, an insured must have a judgment that establishes the liability of a third-party and the insured's damages. *Id.* at 818. Until an insured obtains such a judgment, the insurer's contractual obligation to pay benefits simply does not arise. *See id.*; *see also Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) ("[A]n insurer has the right to withhold payment of UIM benefits until the insured's legal entitlement is established."). Stated another way, the covered event in UIM litigation is not the accident itself, but rather the insured's establishment of the fact via judgment that she is entitled to benefits in excess of the tortfeasor's available policy limits. As *Wellisch* explained in distinguishing other types of insurance claims:

> In each of the above cases, the insurance companies' liability arose at the time of the covered event; therefore, the courts determined there was a "delay" in payment following the covered event. Here, USAA's liability did not arise on the date of the accident in which Jessica was fatally injured. USAA's liability arose on the date the trial court entered final judgment following a determination that Salinas' negligence caused the accident and a jury returned a verdict favorable to the Wellisches in the amount of $6 million.

75 S.W.3d at 58.

27.     An insured demonstrates legal entitlement when she obtains a judgment establishing a third-party tortfeasor's liability and that her damages exceed her recovery from the tortfeasor. *Brainard*, 216 S.W.3d 818. Therefore, the appropriate issues for litigation are (1) the underlying tortfeasor's liability and (2) the insured's damages. *See id.*

28.     Because no contractual obligation to pay benefits has arisen, even if Mcelroy were a party to the contract, she could not be liable for breach of contract. *See Weber v. Progressive Cnty. Mut. Ins. Co.*, No. 05-17-00163-CV, 2018 WL 564001, at *1 (Tex. App.—Dallas Jan. 26, 2018, pet. filed) (affirming the dismissal of the breach of contract cause of action because the plaintiff's "petition did not assert she had obtained a judgment against the other driver," and "thus she failed to establish the existence of a duty or obligation to which [the insurer] or [adjuster] failed to meet.").

      ii.     <u>Under Texas law, an insured generally cannot recover damages for statutory violations if the insurer does not owe policy benefits, unless she can prove an independent injury or the insurer caused her to lose policy benefits.</u>

29.     In the Texas Supreme Court's recent opinion in *USAA Texas Lloyds v. Menchaca*, the Court reaffirmed the general rule that an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide a right to those benefits. 545 S.W.3d 479, 489 (Tex. 2018). The Court further held that in very particular situations an insured may recover damages based on insurance policy benefits (contract benefits) for the violation of

statutory duties if (1) the insurer's statutory violation caused the insured to lose policy benefits to which she would otherwise be entitled or (2) if the insured articulates an injury independent of the loss of policy benefits. *Id*.

30.     An insurer's extra-contractual violation can lead recoverable damages even if the insured has no right to benefits under the policy, if the insurer's violation causes the insured to loss the contractual right. *Id*. at 497.

31.     An independent injury must be "truly independent of the insured's right to receive policy benefits." *Id*. at 499–500. An independent injury is not independent if the "statutory or extra-contractual claims are predicated on the loss being covered under the insurance policy" or "if the damages flow or stem from the denial of the claims for policy benefits." *Id*. at 500 (internal quotation marks and alterations omitted).

32.     Applying *Menchaca*'s rules to UIM insurance disputes shows that extra-contractual claims will rarely be viable unless the insured obtains a judgment establishing their legal entitlement to recover from a tortfeasor. An insured cannot recover policy benefits under a UIM policy until such time as she establishes legal entitlement to those benefits by obtaining a judgment. *See Brainard*, 216 S.W.3d at 818. Without a judgment, the only other option for an insured to recover damages for statutory violations—theoretically—is for the insured to plead and prove an injury independent of a right to receive policy benefits or that the insurer's violation caused her to lose benefits to which she would have been entitled. *See Menchaca*, 545 S.W.3d at 489. However, declining to pay UIM benefits when an insured does not have a judgment in no way causes the insured to lose a right to UIM benefits. Without a judgment, she currently has no right to benefits. *See Wellisch*, 75 S.W.3d at 57. And as for an independent injury, the Texas Supreme Court has yet to find one

in the twenty-three years since it recognized the theoretical possibility of such an injury. *See Menchaca*, 545 S.W.3d at 500; *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338 (Tex. 1995).

### iii.   All of Plaintiff's claims fail to state a cause of action against Mcelroy

33.   Based on the above authority, Plaintiff has not stated a plausible claim against Mcelroy. Plaintiff's breach of contract claim, breach of good faith and fair dealing claim, and Uniform Declaratory Judgment Act claim fail because Mcelroy is not a party to the insurance contract. *See Natividad v. Alexsis*, *Inc.,* 875 S.W.2d 695 (Tex. 1994).

34.   Plaintiff's remaining claims fail because Plaintiff has failed to plead that she has obtained a judgment that would trigger Defendant's obligation to pay benefits, and thus Plaintiff has not pleaded any viable claim to recover policy benefits as damages for any of her extra-contractual claims for unjust enrichment, breach of the duty of good faith and fair dealing, and violations of the DTPA and Texas Insurance Code. *See*, *supra*, ¶ 16; *see also* **Exhibit D** (*Rodriguez v. Allstate Fire & Cas. Ins. Co.*, Cause No. 5:18-CV-1096-OLG (Jan. 10, 2019) (slip op.) (order granting motion to dismiss for failure to state a claim based on plaintiffs' failure to allege they obtained a judgment establishing legal entitlement)). Attempting to hold Defendant liable for extra-contractual claims relating to a failure to pay benefits before Defendant's obligation to pay such benefits has even arisen would rewrite the insurance contract by requiring Defendant to make payments of policy benefits before the covered event has occurred. *See Wellisch*, 75 S.W.3d at 57.

35.   Plaintiff has also failed to plead any facts to show the two *Menchaca* exceptions allowing damages to be recovered where no policy benefits are owed. Specifically, Plaintiff has not pleaded a statutory violation caused her any injury independent of her right to receive policy benefits to which they not currently entitled. *Cf. Menchaca*, 545 S.W.3d at 499-500. Nor has Plaintiff alleged

that any action of Mcelroy caused her not to seek a judgment establishing their legal entitlement, thereby causing her to lose benefits to which she would otherwise be entitled. *Cf. id.* at 497–99.

36.     Plaintiff's claims under the Insurance Code also fail. Plaintiff has plead no facts to show that liability is reasonably clear. *Brainard* was clear: the only way to become entitled to policy benefits under a policy of UIM insurance is to obtain a judgment establishing the insured's legal entitlement to recover benefits from the tortfeasor. 216 S.W.3d at 818. And in the absence of a judgment, there is no liability on the policy of insurance, and an insurer has the right not to make a payment of any benefits until there is a judgment. *See Brainard*, 216 S.W.3d at 818; *Wellisch*, 75 S.W.3d at 57; *Jordan*, 503 S.W.3d at 456.

37.     And again, in *Weber*, the court of appeals affirmed the trial court's dismissal of the extra-contractual causes of action based on the Insurance Code after affirming the dismissal of the insured's breach of contract claim when there was no allegation that the plaintiff had obtained a judgment. *See Weber*, 2018 WL 564001, at *3–4. Accordingly, Plaintiffs' chapter 541 claims lack a plausible basis in fact.

38.     Based on each of the foregoing reasons, Plaintiff's pleading fails to state a plausible cause of action against Mcelroy.

### REMOVAL IS PROCEDURALLY PROPER

39.     This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

40.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Kerr County, Texas, the place where the State Court suit was filed.

41.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit C.

42.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of the Kerr County District Court.

**PRAYER FOR RELIEF**

43.     Defendant Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**Valdez & Treviño, Attorneys at Law, P.C.**
Callaghan Tower
8023 Vantage Dr., Ste. 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

  _/s/ Robert E. Valdez_
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Brittany M. Baker**
State Bar No. 24089611
bbaker@valdeztrevino.com
_Counsel for Defendants_

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing instrument was served on the following counsel this 6th day of May, 2019, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via electronic service:

R. Scott Westlund
Joshua S. Hatley
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232


                        */s/ Robert E. Valdez*
                        **Robert E. Valdez**